**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E Blackburn**

Civil Action No. 06-cv-02601-REB

IN RE:

SPARTA SURGICAL CORPORATION,

    Appellant.

On Appeal from The United States Bankruptcy Court For The District of Colorado
Case No. 06-18117-ABC
_____

**ORDER AFFIRMING BANKRUPTCY COURT**
_____

**Blackburn, J.**

    This bankruptcy appeal was reassigned to me in January, 2008, after the lengthy illness and untimely death of our colleague, the Honorable Phillip S. Figa. Appellant, Sparta Surgical Corporation, the debtor in the bankruptcy case, appeals the oral order entered by the Bankruptcy Court on December 19, 2006 finding that debtor's disclosure statement was not adequate under 11 U.S.C. §1125(a)(1), and therefore rejecting its motion to confirm a plan of reorganization under 11 U.S.C. §1129(a). I affirm.

### I. BACKGROUND

    On November 6, 2006, the debtor filed its voluntary petition for relief under Chapter 11. The debtor is a "small business debtor" as that term is defined in 11 U.S.C. §101(51D), and, thus, the case proceeded as a "small business case" in accordance with 11 U.S.C. §101(51C). In such a case, the plan and a disclosure statement, if any, shall be filed not more than 300 days after the order for relief. 11 U.S.C. § 1121(e)(2). Here, the debtor filed the proposed reorganization plan and a disclosure statement on the same date it filed its petition. Pursuant to 11 U.S.C. § 1129(e), the Bankruptcy Court should confirm the plan no later than 45 days after the plan is filed, provided that the plan "complies with the applicable provisions of"

Section 1129.

Within 45 days of the filing of the proposed plan, the Bankruptcy Court held a hearing on December 19, 2006, to consider whether the plan should be confirmed and whether the Disclosure Statement was adequate.[1]  The debtor presented argument in favor of its motion seeking confirmation of the plan and testimony of one witness, a Mr. Thomas F. Reiner, who testified as chairman of the board of the debtor.  A transcript of the hearing is attached as Exhibit A to the appellant's brief ("Transcript").

At the conclusion of the hearing, the Bankruptcy Court entered its order denying confirmation of the plan, finding that "the disclosure statement does not pass final muster, in which case the [bankruptcy] case may, for that reason, be unconfirmable.  And, that's what we face here with this debtor."  Transcript at 37.  In support of his finding that the Disclosure Statement did not contain adequate information, and the plan could therefore not be approved, the Bankruptcy Judge gave the following reasons:

! There is inadequate information about the entities that are behind the restructuring of the debtor, a company admitted to be a public shell corporation;

! The Disclosure Statement does not provide sufficient information about the individuals who will control the reorganized entity, "their relation to the debtor prior to the reorganization, to each other, or just who they are;"

! The Disclosure Statement does not contain adequate information concerning potential material federal tax consequences of the reorganization;

! The Disclosure Statement has "far too little information on the reorganized debtor's future products and operations" given that the debtor presented only the testimony on these subjects from Mr. Reiner, the company chairman, whose testimony the Bankruptcy Court found to be "incredible" or "marginally credible testimony";

! The Disclosure Statement fails to disclose the discriminatory treatment that resulted

---

[1] The appellant did not provide a copy of the Disclosure Statement to me with its appellate brief, but I have obtained a copy from the Bankruptcy Court file.

2

from the settlement with the IRS regarding the company's tax liabilities, such that its unsecured claim will be treated differently from other unsecured claims;

! Given elements of the proposed financing of the company going forward, including the fact that the company is obtaining a $100,000 loan for which the promoters of the Chapter 11 "come away with something like 80% of the debt-free public company, but little else by way of a viable business entity," it may not be possible to make adequate disclosure to allow past creditors and public investors to make an informed investment decision.

Transcript at 36-39.

Finally, the Bankruptcy Court expressed reservation as to whether the proposed plan was submitted in "good faith," as required under 11 U.S.C. §1129(a)(3), stating it had concerns as to whether the plan could "breathe life back into a public shell only to have the a new shell controlled by folks who have successfully used Title 11 to avoid the securities law." *Id.* at 39. 11 U.S.C. §1129(d) provides that a court may not confirm a plan if the principal purpose of the plan is avoidance of application of Section 5 of the Securities Act of 1933, which requires registration of publicly issued securities.

Although the bankruptcy judge did not expressly reference this statute, it appears that he was concerned about this provision, because at the outset of the hearing, he stated that it appeared to him that the plan may be "using Chapter 11 to avoid the necessity of complying with the securities laws, because the exemptions that are provided for shares in Chapter 11." *Id.* at 6. Appellant acknowledges that the Bankruptcy Court raised the issue "in dictum, that the Plan may not be confirmable if the Plan seeks to avoid the securities laws." Appellant's Brief at 16.

Since the Bankruptcy Court found that the Disclosure Statement did not contain adequate information as required by 11 U.S.C. § 1125(a)(1), it concluded that approval of the plan could not be entered under 11 U.S.C. 1129(a). Transcript at 40. Appellant now asks me to reverse the Bankruptcy Court's order and enter an order approving the Disclosure

3

Statement and confirming the plan (Appellant's Brief at 17).

## II. STANDARD OF REVIEW

In reviewing a Bankruptcy Court's decision, the District Court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the Bankruptcy Court's ruling. Bankr.R. 8013. A District Court reviews factual findings under the clearly erroneous standard, while conclusions of law are reviewed *de novo*. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (Internal quotations and citations omitted). The determination as to whether a reorganization plan is fair and equitable and feasible is fact intensive. These mixed questions of law and fact should not be overturned unless clearly erroneous. *In re TMA Associates, Ltd.*, 160 B.R. 172, 175 (D. Colo. 1993). In a case where the adequacy of a disclosure statement is on appeal, the reviewing court considers whether the Bankruptcy Court has abused the broad discretion it has to consider the adequacy of the statement. *In re Aspen Limousine Service, Inc.*, 193 B.R. 325, 334 (D. Colo. 1996).

## III. ANALYSIS

In this "small business case," the Bankruptcy Court conditionally approved the debtor's Disclosure Statement pursuant to 11 U.S.C. § 1125(f)(3)(A), which provides for conditional approval "subject to final approval after notice and hearing." The order entered in this case on November 15, 2006, expressly states that the approval is "subject to final consideration and approval."[2] The statute also provides that acceptances or rejections of the plan may be solicited based on a conditionally approved disclosure statement, if the debtor provides

---

[2] The order entered on November 15, 2006, was not supplied to me by the appellant, but I have obtained a copy from the file of the Bankruptcy Court.

4

"adequate information." 11 U.S.C. § 1125(f)(3)(B).

Title 11 U.S.C. § 1125(a) defines adequate information, in pertinent part, as follows:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, . . . and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information;

Here, as detailed above, the Bankruptcy Court ultimately found that the Disclosure Statement did not provide adequate information. To the extent appellant suggests here that having given conditional approval, the Bankruptcy Court was bound to give final approval to the disclosure statement, the argument is rejected as contrary to the plain meaning of 11 U.S.C. § 1125(f)(3)(B) as set forth above, and the language of the conditional approval order entered in this case.

As stated in *In re Aspen Limousine Service, Inc.*, *supra*, the determination of what is "adequate information" in a disclosure statement is a practical and variable inquiry made on a case-by-case basis. 193 B.R. at 334, citing to *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir.1988); *In re Stanley Hotel*, 13 B.R. 926, 930 (Bankr. D. Colo. 1981); and generally, 5 Collier on Bankruptcy ¶ 1125.03[1] (15th ed. 1995). Beyond the statutory definition quoted above, the decision to approve or reject a disclosure statement is within the sound discretion of the bankruptcy court. *In re Stanley, supra*, at 930. Based on my review of the debtor's Disclosure Statement and the transcript of the hearing, I find no abuse of discretion in the Bankruptcy Court's decision in this case that the Disclosure Statement does

5

not contain adequate information.

For example, the Disclosure Statement's description of the post-confirmation management of the debtor describes only a Mr. Alan Korn, who will serve as the company's "president and director" and who will own approximately 5% of the common stock of the debtor post-confirmation (Disclosure Statement at 16-17). Mr. Korn did not appear at the final confirmation hearing. Instead a Mr. Reiner, stating that he was chairman of the debtor, testified about the plan and the prospects for the debtor. Yet, Mr. Reiner is not even mentioned in the Disclosure Statement and his role with the company as he explained it at the hearing is nowhere described in the Disclosure Statement.

Similarly, the Disclosure Statement indicates that the reorganized company would receive financing in the form of a line of credit of up to $100,000 from a Mr. Gary Agron and the LKDTBJP Living Trust, who would each receive 346,000 shares of the reorganized company (*see* Disclosure Statement at 13-14), constituting approximately 70% of the stock of the new company (*see* Exhibit D to Disclosure Statement). The line of credit would also apparently be convertible into 10,000,000 shares of post confirmation stock (*see* Disclosure Statement at 13). However, as the Bankruptcy Court found, there is little information in the Disclosure Statement about these two lenders, other than the fact that they were prior creditors of the debtor (*id.* at 4-5).

The statute defining adequate disclosure mandates some discussion of the potential material Federal tax consequences of the plan to the debtor, but as the Bankruptcy Court found, the debtor's Disclosure Statement fails to provide such information.

Finally, as the Bankruptcy Court found, the Disclosure Statement contains little about the feasibility of the future operations of the reorganized company, other than to state that it will be a sales representative for certain product produced or marketed by Spectra Group, Inc.

6

(Disclosure Statement at 11).

Nor do I find any clear error in the Bankruptcy Court's finding that the proposed plan may be a device to avoid the requirements of the securities law and that the Disclosure Statement fails to provide adequate information in this respect. The appellant argues that no governmental unit, in particular the Securities Exchange Commission, objected to the plan (Appellant's Brief at 16). While it is true that Section 1129(d) suggests that consideration of a plan's avoidance of the securities laws must be undertaken upon request of a "governmental unit," I do not read that provision to require the filing of an objection as the exclusive avenue for a Bankruptcy Court to consider the securities law avoidance issue.[3] Moreover, as stated in *In Re Main Street AC, Inc.*, 234 B.R. 771, 774-75 (Bankr. N.D. Cal. 1999), Congress imposed upon the Bankruptcy Court an independent obligation to determine whether a disclosure statement includes adequate information, in part because "court supervision of the contents of the disclosure statement will protect the public investor from any serious inadequacies in the disclosure statement" citing to H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 228 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6187.

In the instant case, the bankruptcy judge apparently was seeking to discharge this independent obligation. As he stated: "Because of the exemptions that are provided for the issuance of securities through a Chapter 11, this makes the disclosure process that much more important in a Chapter 11 when we are dealing with a public company." Transcript at 37. The Bankruptcy Court found that the debtor comes before the court as a self-admitted "shell"

---

[3] Referring to this section in the context of tax avoidance, the court in *In Re Rath Packing Co.*, 55 B.R. 528 (Bankr. N.D. Iowa 1985) stated: "Although Section 1129(d) of the Code apparently does not require the Court to determine the tax avoidance issue unless requested to do so by a governmental unit who is a party in interest, the Court cannot fairly consider plan confirmation and ignore the obvious tax avoidance question."

corporation, a public company that shut down two to four years previous, with no employees, and no assets other than its goodwill and a contract with an affiliated company for distribution of medical equipment. *Id.* at 36. The court found that the testimony that its goodwill is valuable was not credible, and that the company folded "a few years ago" leaving it creditors unpaid. *Id.* Thus, the Bankruptcy Court stated that it had "grave reservations about use of Chapter 11 to clear debt off a public corporation, and issue a public corporation's new securities without compliance with normal securities laws, so as to enable a handful of insiders to take the reins of a new public company, or revitalized company." *Id.* at 37.

Having evaluated the disclosures about the reorganized company's ownership, financing and proposed business operations as described in its oral findings, and having concluded that the Disclosure Statement did not provide adequate information as to these matters, the Bankruptcy Court found that the plan was not going to be subject to confirmation under 11 U.S.C. 1129 (a). I do not find that the findings of the Bankruptcy Court are clearly erroneous as I am not left with the firm conviction that a mistake has been committed. Nor are the conclusions of law erroneous, for if the Disclosure Statement is inadequate, confirmation of the plan cannot be granted.

## IV. ORDER

**THEREFORE, IT IS ORDERED** that the order of the Bankruptcy Court entered on the record on December 19, 2006, is **AFFIRMED**.

DATED: March 28, 2008, at Denver, Colorado

           **BY THE COURT:**
           **s/ Robert E. Blackburn**
           **Robert E. Blackburn**
           **United States District Judge**